Mr. Justice Humphreys
delivered the opinion of the court:
The trustees have in their hands moneys claimed by different parties, and this bill asks that those parties shall inter-plead. They have done so, and each claims priority. The contest is between a landlord’s lien for rent and mortgage-creditors, on the furniture on the rented premises.
Attachments were levied to enforce the landlord’s lien, but by the consent of all parties the property was sold by the trustees, the payment of which to creditors was to be postponed till this litigation should determine whether the proceeds should be handed to the landlord or the mortgagees. The questions arising are to be determined in general term in the first instance. The statute giving the landlord a lien is very explicit, and we think is somewhat plain in its terms.
After the premises were rented and taken possession of, the tenants gave a deed of trust to secure creditors, and in *514 the due course of trade the notes, to secure which the trust had been executed, were transferred for value to the Freedman’s Bank. The evidence shows that the money loaned by the bank on the faith of the mortgages was used by the parties in different ways in and about the affairs and business of the hotel, or in transactions connected therewith. We think the evidence further shows a knowledge on the part of the landlord that the moneys obtained on the faith of the notes and trusts did go to enable the tenants to keep up the hotel and pay the rents for one or two years. We think the evidence further shows an assent to a sale and change of tenancy on the part of the landlord; that the rents were all paid for a considerable period of time after the execution of the trust-deeds, and that there was an assent on the part of the landlord to the change of the property in the furniture, subject to the mortgages; and we think the evidence fully establishes the priority of. the deeds for rents accruing after the execution and recording of the deeds; and that the proofs establish an acquiescence on the part of the landlord to the security of the trusts, whereby the lender of money would be lulled into reposing upon such security.
The statute giving landlords a lien was never intended to be used for such purpose. A landlord, like any other creditor, will lose his lien by conduct which misleads bona-fide purchasers for a valuable consideration.
A decree will be drawn establishing the priority of the deeds of trust in favor of the Freedman’s Savings and Trust Company, a reference to the auditor and master to report to the special term as to the amounts of the trustees’ accounts, and distribute the funds in hand according to the dates of the deeds, and the surplus, if any, to the landlord.
Mr. Justice Wylie dissenting.